UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO VIDAL,<br><br>                      Plaintiff<br><br>   v.<br><br>SGT. VANDIKE,<br><br>                      Defendants | Case No. 2:20-cv-00044-KJD-BNW<br><br>ORDER |

**I.    DISCUSSION**

On May 11, 2020, the Court ordered Plaintiff to file an updated address with the Court within 30 days.  (ECF No. 6). Plaintiff failed to comply with that order.  The Court therefore dismissed this action on June 26, 2020. (ECF No. 8).  Well over a year later, on August 11, 2021, Plaintiff filed an application to proceed *in forma pauperis* and asked the Court to excuse any delays in responding to the Court's orders, accept the application to proceed *in forma pauperis*, and reopen the case or send him copies of his complaint and the Court's orders.  (ECF Nos. 11, 12).

Plaintiff essentially is asking for an extension of time to comply with the Court's order.  Pursuant to Nevada Local Rule of Practice IA 6-1(a), a request for an extension of time made after the expiration of the specified period "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Nev. Loc. R. IA 6-1.  Excusable neglect is an equitable question for the court, considering "all relevant circumstances surrounding the party's omission."  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Svcs. Co. v, Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Courts use the following factors to determine whether a party's omission should be considered excusable neglect: the danger of prejudice to the other party; the length and impact of the delay on judicial proceedings; the reason for delay and whether it was reasonably within the party's control; and whether the party acted in good faith.  *Briones*,

116 F.3d at 381.

Here, Plaintiff asserts that he was unable to receive or access court orders due to struggling during the pandemic and he did not have an address or device through which he could receive court orders. (ECF No. 12). However, according to the application to proceed *in forma pauperis* submitted to the Court on August 11, 2021, Plaintiff was booked into custody again on June 7, 2021 and he was making purchases from the commissary and paying for legal copies in June. (ECF No. 11 at 5). The Court regularly sends and receives documents from people incarcerated or detained at all of the jails and prisons in Nevada. Thus, it is apparent that Plaintiff could have contacted the Court to obtain and comply with any orders in this action well before he did so. Therefore, the Court concludes that the length of the delay was within Plaintiff's control and Plaintiff did not act in good faith, especially given the amount of time that had elapsed since the Court's order. Although the amount of prejudice to the defendants probably is not substantial, in light of the totality of the circumstances, the Court finds that the failure to timely comply with the Court's order is not a result of excusable neglect. Accordingly, the motion to excuse Plaintiff's delay in responding to the Court's order is denied. If Plaintiff wishes to pursue any of the claims that were the subject of this case, he must file a complaint in a new action with the filing fee or a complete application to proceed *in forma pauperis*.

To the extent Plaintiff is seeking free copies of documents in this case, that motion is denied. An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Court cannot provide free copies even to indigent plaintiffs proceeding in forma pauperis as the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the Court to pay the costs for an indigent litigant's general copy requests. Plaintiff may, however, pay for copies of documents he wishes to obtain.

II. **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to excuse Plaintiff's delay in responding to the Court's order and reopen this case and provide him

with free copies (ECF No. 12) is denied.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 11) is denied as moot.

**IT IS FURTHER ORDERED that no further documents shall be filed in this closed case.**

DATED THIS  1st     day of  November            2021.

---
UNITED STATES DISTRICT JUDGE